*189 Opinion of the Court.
;THIS was an action of trespass, brought by Speed in the circuit court, to recover damages against Ripperdan, for entering upon the land of Speed, and cutting and carrying away a quantity of timber. The case turns, in this court, on the correctness of the instructions which were given by the circuit court to the jury.
The trespass complained of by Speed, was, on the trial, proved to have been committed by the defendant ; but at a time when neither Speed nor any other person for him, resided on the land. But it was proved, that prior to the commission of the trespass, the sheriff of Mercer county went upon the land, and in virtue of a writ of habere facias, which issued in favor of Speed, upon a judgment which he recovered against a certain Braxdale for the land, delivered the possession *190 of the land to the agent and attorney in fact of Speed, and that the agent remained on the land part of the day on which the possession was delivered, and then departed therefrom.
The possession thus obtained, will be presumed to have remained with the plaintiff, unless he shall be proved to have done some act evincing an intention to abandon it ; and the departure of his agent from the land, after he has received the possession, is not such an act.
After the evidence was thus given to the jury, the court, on the motion of Ripperdan, instructed the jury, that if they believed, from the evidence, that the trespass was committed upon the day the plaintiff took possession of the land, and while the plaintiff was on the land, they ought to find for the plaintiff ; but if they believed, from the evidence, that the trespass was committed at any time before or after said day, and when the plaintiff was not on the land, the law was for the defendant. The court further instructed the jury, that the taking possession of the land, and again going off on the same day, without doing any other act of ownership, would give possession no longer than the plaintiff was on said land.
1. These instructions, to their full extent, cannot be sustained by this court. To enable Speed to maintain his action, it was, no doubt, necessary for him to prove that he had been possessed of the land upon which the trespass was committed ; but it cannot be admitted, that, as matter of law, the possession acquired by Speed, through the agency of the sheriff, under the writ of habere facias possessionem, continued no longer than his agent remained upon the land. After having so obtained the possession, he should, for the purpose of recovering damages against any person who might trespass on the land, be presumed to remain possessed, until, by some act, he might evince an intention to abandon the possession ; and the mere circumstance of the agent’s departure from the land, after going upon it for the purpose of receiving the possession, cannot, per se, evince an intention to abandon the possession.
The judgment must be reversed with costs, the cause remanded, and further proceedings had, not inconsistent with this opinion.